UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH JONES,<br>Individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>TEXAS PRIDE DISPOSAL SOLUTIONS, LLC, TEXAS PRIDE DISPOSAL SOLUTIONS MANAGEMENT, LLC, and KEVIN ATKINSON,<br><br>*Defendants*. | § § § § § § § § § § § § § § § § § | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Keith Jones brings this action individually and on behalf of all other Waste Disposal Drivers (collectively, "Plaintiff and the Putative Collective Members") who worked for Texas Pride Disposal Solutions, LLC ("Texas Pride"), Texas Pride Disposal Solutions Management, LLC ("Texas Pride Management") (collectively, the "Texas Pride Defendants"), and Kevin Atkinson ("Atkinson") (collectively, "Defendants") at any time from August 24, 2019, through the final disposition of this matter to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

## I.
## OVERVIEW

1. This is an action to recover overtime wages, liquidated damages, and other applicable penalties brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

1

2. Plaintiff and the Putative Collective Members are those similarly situated Waste Disposal Drivers who worked for Defendants, at any time from August 24, 2019, through the final disposition of this matter, who were paid a day rate.

3. Although Plaintiff and the Putative Collective Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective Members were not paid overtime of at least one and one-half their regular rates of pay for all hours worked in excess of forty (40) hours per workweek.

4. Plaintiff and the Putative Collective Members did not and do not perform work that meets any definition of exempt work.

5. Plaintiff and the Putative Class Members were paid a day-rate and no overtime compensation for hours worked over forty (40) in a workweek.

6. The decision by Defendants not to pay overtime compensation to Plaintiff and the Putative Collective Members was neither reasonable nor in good faith.

7. Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Collective Members overtime of at least one and one-half their regular rates of pay for all hours worked in excess of forty (40) hours per workweek.

8. Plaintiff and the Putative Collective Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9. Plaintiff prays that all similarly situated workers (the Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

# II.
# THE PARTIES

10. Plaintiff Jones is an individual residing in Houston, Harris County, Texas and worked at Defendants' facility in Houston, Texas, within the relevant time period.[1]

11. The Putative Collective Members are those current and former Waste Disposal Drivers who worked for Defendants, at any time from August 24, 2019, through the final disposition of this matter, and were subject to the same illegal pay system under which Plaintiff Jones worked and was paid.

12. Defendant Texas Pride Disposal Solutions, LLC ("Texas Pride") is a Domestic limited liability company, licensed to and doing business in the State of Texas, and may be served through its registered agent for service of process: **Kevin T. Atkinson, 26703 Abbey Springs Lane, Katy, Texas 77494.**

13. Defendant Texas Pride Disposal Solutions Management, LLC ("Texas Pride Management") is a Domestic limited liability company, licensed to and doing business in the State of Texas, and may be served through its registered agent for service of process: **Kevin T. Atkinson, 716 Fowler Street, Houston, Texas 77007.**

14. Defendant Kevin Atkinson ("Atkinson") is the managing member of the Texas Pride Defendants. Defendant Atkinson is an employer as defined by 29 U.S.C. § 203(d). Along with the Texas Pride Defendants, Defendant Atkinson employed and/or jointly employed Plaintiff and the Putative Collective Members. Defendant Atkinson may be served for process at: **716 Fowler Street, Houston, Texas 77007.**

15. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They had common ownership, oversight and control over Plaintiff and the Putative Collective Members. As a result, all

---

[1] Plaintiff Jones's written consent to be a plaintiff in this action is attached hereto as Exhibit "A."

Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to their entire employment for the workweeks at issue in this case.

### III.
### JURISDICTION & VENUE

16. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under the FLSA, 29 U.S.C. §§ 201–19.

17. Plaintiff has not entered into any arbitration agreement that would affect the Court's jurisdiction.

18. This Court has general and specific personal jurisdiction over the Texas Pride Defendants because Texas qualifies as Defendants' home state and because Plaintiff's claims arose within this District as a result of Defendants' conduct within this District and Division.

19. This Court has general jurisdiction over Defendant Atkinson because he is a resident of the State of Texas.

20. Venue is proper pursuant to 29 U.S.C. § 1391 in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

21. Additionally, the Texas Pride Defendants' corporate headquarters are located in Missouri City, Texas, and Plaintiff Jones worked for Defendants in Houston, Texas, all of which are located within this District and Division.

22. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

# IV.
# ADDITIONAL FACTS

23. Defendants provide waste disposal and recycling services to residential and commercial clients.[2]

24. Plaintiff Jones was employed by Defendants as a Waste Disposal Driver at their Houston location from approximately May of 2020 to June of 2022.

**Defendants are Joint Employers**

25. Defendants are joint employers as that term is defined in 29 U.S.C. § 203(d).

26. Together, Defendants controlled Plaintiff and the Putative Collective Members' work schedules and conditions of employment.

27. Specifically, Defendants dictated (and continue to dictate) what job duties and tasks that Plaintiff and Putative Collective Members needed to perform while employed.

28. Defendant Atkinson was present at the Houston Facility where Plaintiff Jones worked at least three (3) days a week.

29. Defendant Atkinson would regularly communicate and engage in discussions with Defendants' management staff concerning the day-to-day functions of the Texas Pride Defendants, including but not limited to the working requirements and working parameters for the Waste Disposal Drivers.

30. On information and belief, Defendant Atkinson was involved in creating and implementing the Texas Pride Defendants' policies and procedures that Plaintiff and the Putative Class Members are required to follow.

31. Defendants had the power to hire and fire Plaintiff and the Putative Collective Members.

---

[2] https://www.texaspridedisposal.com

5

32. Defendants determined Plaintiff and the Putative Collective Members' rate and method of pay.

33. Defendants controlled Plaintiff's pay and acted interchangeably during Plaintiff's employment.

34. Defendants maintained control, oversight, and direction over Plaintiff and the Putative Collective Members during their employment, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

35. Defendants maintained Plaintiff and the Putative Class Members' employment records at their shared corporate office.

36. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

**Failure to Pay Overtime**

37. Plaintiff worked for Defendants from May of 2020 through June of 2022, in Harris County, Texas.

38. Before Plaintiff began his employment with Defendants, he was offered and accepted a day-rate with Defendants. Plaintiff and Defendants agreed that Plaintiff would be paid a day rate in addition to specific productivity related bonuses.

39. Plaintiff Jones typically worked twelve (12) hours per day, and approximately sixty-seven (67) hours per week, and this schedule was typical for Defendants Waste Disposal Drivers—i.e., the Putative Class Members.

40. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each week.

41. Plaintiff and the Putative Collective Members regularly worked in excess of forty (40) hours per week but never received their overtime compensation for their overtime hours, instead they just received their day rates for the number of days worked that week in addition to any earned performance bonuses.[3]

42. Defendants also paid Plaintiff and the Putative Class Members non-discretionary performance-based bonuses for the completion of certain defined tasks.

43. Although Defendants paid Plaintiff and the Putative Class Members non-discretionary bonuses, Defendants did not include these bonuses in their regular rate of pay for the purpose of calculating (and paying) the overtime compensation due to them.

44. Defendants clearly knew that they were required to pay overtime to Plaintiff and the Putative Class Members because they intentionally manipulated (read falsified) their pay records to make it appear as though overtime was being paid, when it was not.

45. Accordingly, Defendants willfully violated (and continue to violate) the FLSA.

## V.
## CAUSE OF ACTION

**A. FLSA COVERAGE**

46. The preceding paragraphs are fully incorporated herein.

47. FLSA Collective is defined as:

**ALL CURRENT AND FORMER WASTE DISPOSAL DRIVERS WHO WORKED FOR TEXAS PRIDE DISPOSAL SOLUTIONS, LLC AND/OR TEXAS PRIDE DISPOSAL SOLUTIONS MANAGEMENT, LLC, AT ANY TIME FROM AUGUST 24, 2019, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA COLLECTIVE" OR "FLSA COLLECTIVE MEMBERS").**

---

[3] Despite agreeing to pay Plaintiff Jones and the Putative Class Members a day rate for each day they worked, Defendants instead intentionally manipulated their pay records to make it appear as though Plaintiff Jones and the Putative Class Members were paid an hourly rate with a corresponding overtime rate at on one and one half times the hourly rate.

48. At all material times, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

49. At all material times, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

50. At all material times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

51. During the respective periods of Plaintiff's and the FLSA Collective Members' employment by Defendants, these individuals have provided services for Defendants that involved interstate commerce for purposes of the FLSA.

52. In performing the operations hereinabove described, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

53. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees of Defendants who were engaged in the production of goods because they handled and/or transported goods on Defendants' behalf in the United States. 29 U.S.C. § 203(j).

54. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

55. In violating the FLSA, Defendants acted willfully, without a good faith basis, and with reckless disregard of applicable federal law.

56. The proposed collective of similarly situated employees, in other words, the FLSA Collective Members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 47.

57. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

**B.    FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FLSA**

58. Defendants violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

59. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

60. Moreover, Defendants knowingly, willfully, and with reckless disregard carried out their illegal pattern of failing to pay Plaintiff the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

61. Defendants knew or should have known their pay practices were in violation of the FLSA.

62. Defendants are sophisticated parties and employers, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

63. Plaintiff and the FLSA Collective Members, on the other hand, were unsophisticated employees who trusted Defendants to pay them according to the law.

64. The decision and practice by Defendants to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

65. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid their actual overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.     COLLECTIVE ACTION ALLEGATIONS**

66. All previous paragraphs are incorporated as though fully set forth herein.

67. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all of Defendants' employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

68. Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

69. The FLSA Collective Members are defined in Paragraph 47.

70. Defendants' failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required from the FLSA, results from generally applicable policies and practices of Defendants and does not depend on the personal circumstances of Plaintiff or the individual FLSA Collective Members.

71. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

72. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

73. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to overtime compensation for all hours worked in excess of forty (40) hours per workweek.

74. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

75. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of its rampant violations.

76. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

77. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 47 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

78. Plaintiff respectfully prays for judgment against Defendants as follows:

    a. For an Order certifying the FLSA Collective as defined in Paragraph 47 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid overtime wages due to Plaintiff (and those FLSA Collective Members who have joined in

the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

      c.      For an Order awarding the costs and expenses of this action;

      d.      For an Order awarding attorneys' fees;

      e.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

      f.      For an Order granting such other and further relief as may be necessary and appropriate.

Date: August 24, 2022

Respectfully submitted by:

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*

**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Counsel for Plaintiff and the Putative Collective Members*